SAMUEL HUBBARD & others *vs.* HANNAH LLOYD & others.

A bequest of a residue " unto all the children of B., equally, when they shall seve-
rally attain the age of twenty-five years," includes all the children born before one
attains that age, although born after the death of the testator, but does not in-
clude those born after one attains that age.

A testator bequeathed a certain sum to his niece, to be held in trust by his exe-
cutors, and the income or proceeds thereof without diminution of the principal
to be paid to her during life, and at her decease the principal sum to be equally
divided among her surviving children. The executors, acting in good faith, set
aside the sum specified to constitute a trust fund for this purpose. It was held,
that this was a good execution of the trust in this respect, and that if the fund
so established became diminished in value, the deficiency could not be supplied
out of the residue of the estate.

THIS was a bill in equity, brought by the plaintiffs, as exe-
cutors and trustees under the will of James Lloyd, to obtain
the instructions and directions of the court in the distribution
of his estate.

The will of the testator contained the following bequest: —
" To my beloved niece, Augusta Elizabeth Greene, I give, de-
vise, and bequeath fifty thousand dollars, to be held in trust by
my executors and trustees, and the income or proceeds thereof,
without diminution of the principal, to be paid by them to the
said Augusta Elizabeth Greene, or to her order quarter yearly,
and at her decease the said sum of fifty thousand dollars to be ·
equally divided and become the property of those of her child-
ren who may survive her."

The first codicil to the testator's will contained the following
clause : — " I do hereby give, bequeath, and devise all the rest,
residue, and remainder of my estate, real, personal, or mixed,
wheresoever situated, or of whatsoever composed, together
with any lapsed legacies which may not take effect, unto all
the children of the said John and Rebecca Nelson Borland,
and to James Lloyd Greene, and Anna Lloyd Greene, children
of the said William P. Greene and Augusta Elizabeth Greene,
equally or *per capita*, when they shall severally attain the age
of twenty-five years; and in case one or more of them shall
die, before he, she, or they shall arrive at the age of twenty-
five years, then his, her, or their share, so dying, shall be

equally divided between the survivors, or become the property of the survivor, if there be only one."

The other provisions of the will and codicil are not material to the questions raised and decided in this case.

James Lloyd died on the 5th of April, 1831. John Borland and Rebecca Nelson Borland had five children born to them, all of whom were living at the time of the argument of this case, namely: Sarah Lloyd, born October 15th, 1817; James Lloyd, born May 24th, 1820; Melancthon Woolsey, born January 19, 1824; John Nelson, born January 14, 1828; and Alida Livingston, born February 9, 1833. James Lloyd Greene was born January 17, 1827, and Anna Lloyd Greene, January 5, 1829, being two of the children of William P. Greene and Augusta Elizabeth Greene.

The plaintiffs, as executors as aforesaid, set apart various sums, together amounting to the sum of fifty thousand dollars, to constitute a trust fund to be held by them as trustees under the will, the income to be paid to Augusta Elizabeth Greene during her life, and after her decease the principal sum to be divided among her surviving children; and these sums were invested for her account.

The case was argued and decided at a former term.

*F. O. Watts* and *E. Buck*, for the plaintiffs.

*W. H. Gardiner*, for Alida Livingston Borland.

*J. L. English*, for the other children of John Borland and Rebecca N. Borland.

*F. C. Loring*, for the children of William P. Greene and Augusta E. Greene.

SHAW, C. J. The persons interested in the residue of James Lloyd's estate are, the two children of Greene, named, and all the children of Borland born before the time when the first of the residuaries comes to the age of twenty-five; that is, before 1842, being twenty-five years from 1817 and this includes Alida; provided they arrive at the age of twenty-five; and if either dies before that age, the share of such deceased to be equally divided amongst the survivors of them, as well those who shall have received their shares, as those whose shares have not yet become payable. Those born after the first comes

of age, when the legacy vests, are excluded. *Curtis* v. *Curtis*, 6 Madd. 14; *Gilbert* v. *Boorman*, 11 Ves. 238; *Andrews* v. *Partington*, 3 Bro. C. C. 401 ; *Leake* v. *Robinson*, 2 Meriv. 393 ; *Defflis* v. *Goldschmidt*, 1 Meriv. 417.

If the executors have, in good faith, invested fifty thousand dollars as a separate fund, the income payable to Mrs. Greene, and the remainder to her children, it is a good execution of the trust in this respect. The estate is not to be kept open upon the possible contingency of a loss upon this fund. That fund being well created, the interest of it is to be paid to Mrs. Greene during her life, and the residue of the fund at her death divided among her surviving children, according to the directions of the will. *Decree accordingly.*